UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN PARFAIT                                              CIVIL ACTION

VERSUS                                                     NUMBER: 10-00824

DAVID ARCENEAUX, ET AL.                                    SECTION: "N"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Kevin Parfait, against defendants, Judge David Arceneaux, Clerk of Court Robert Boudreaux, and Deputy Clerks Jessica Colwart and Dawn Hebert, all of the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana. (Complt. at p. 3).

Plaintiff is an inmate of the David Wade Correctional Center, Homer, Louisiana, following a conviction for an unspecified crime on June 22, 2009. (See 09-CV-7620, rec. doc. 1, p. 3). Plaintiff alleges, somewhat inconsistently, that on "several occasions" he has filed "several motions" that Clerk of Court Boudreaux failed to file. (Complt. at p. 4). He also complains that Judge Arceneaux

refuses to rule on his application for post-conviction relief although the Judge has denied several motions submitted by plaintiff requesting documents related to his criminal proceedings. (Id.). In his prayer for relief, plaintiff asks that proper disciplinary action be taken against "both parties" and that Judge Arceneaux be ordered to rule on his application for post-conviction relief and provide him with all requested documents. (Complt. at p. 5).

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915.  A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  See also 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The alleged conduct of Judge Arceneaux of which plaintiff complains concerns the manner in which that Judge is handling a case pending on his docket, namely, plaintiff's state court criminal proceedings.  Such conduct is clearly judicial in nature,

triggering the application of judicial immunity. Jones v. Judge of the 129th, Harris County District Court, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994)). Plaintiff's §1983 claim against Judge Arceneaux in his individual capacity falters due to the absolute judicial immunity that the judge enjoys. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993). Further, any such claim brought against Judge Arceneaux in his official capacity fails for two reason. First, the judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983. Washington v. Louisiana, 2009 WL 2015556 at *5 (E.D. La. June 30, 2009). Second, because an official-capacity claim against the judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009).

Finally, plaintiff's claim for injunctive relief against Judge Arceneaux is not tenable here. The Federal Court Improvements Act, which amended §1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is

unavailable." 42 U.S.C. §1983; Doris, 2009 WL 382653 at *3; Wilkerson v. Lanier, 2006 WL 2135224 at *3 (E.D. La. July 27, 2006). As the latter circumstances are not present here, plaintiff's §1983 claim against Judge Arceneaux should thus be dismissed with prejudice as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law an fact. See Graves, 1 F.3d at 317.

The remaining defendants named in plaintiff's complaint are Clerk of Court Boudreaux and Deputy Clerks Colwart and Hebert. Although Colwart and Hebert are identified as defendants on page four of plaintiff's complaint, his statement of claim contains no mention whatsoever of any acts or omissions on their part. Indeed plaintiff's prayer for relief is directed to "both parties", undoubtedly a reference to the two principal defendants in this matter, Judge Arceneaux and Clerk of Court Boudreaux. Absent allegations of any personal involvement on the part of Colwart and Hebert, however, there is no basis upon which to hold them liable here under §1983. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983)(personal involvement is an essential element of a civil rights cause of action). To the extent that Clerk of Court Boudreaux is being sued simply because he is the employer of Deputy Clerks Colwart and Hebert, such a theory is not viable here as the concept of

respondeat superior is not applicable to §1983 proceedings. Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 550 (E.D. La. 2009).

The foregoing concerns notwithstanding, an inmate alleging a denial of access to the courts must demonstrate a relevant, actual injury stemming from the defendant's allegedly unconstitutional conduct. Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999)(citing Lewis v. Casey, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 2180-81 (1996)). "This requires the inmate to allege that his ability to pursue a 'nonfrivolous,' 'arguable' legal claim was hindered. Brewster v. Dretke, 587 F.2d 764, 769 (5th Cir. 2009)(quoting Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2187 (2002)). "The inmate must describe the underlying claim well enough to show that its 'arguable nature ... is more than hope.'" (Id.)(quoting Christopher, 536 U.S. at 416, 122 S.Ct. at 2187).

Plaintiff's complaint fails to indicate, with the required level of specificity, how he was harmed by the alleged failure to process his motions properly. Plaintiff's application for post-conviction was apparently filed correctly as he admits that the pleading remains pending before Judge Arceneaux. However, without some indication of the subject matter of the motions that plaintiff contends were not filed, he has not sufficiently alleged a claim of denial of access to the courts.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 30th day of March, 2010.

*[signature]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

6